# Exhibit A

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN 63rd JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO. D15C00928 GC |
|---|---|---|

**Court address**: 1950 East Beltline NE Grand Rapids, MI 49525

**Court telephone no.**: (616) 632-7770

**Plaintiff's name(s), address(es), and telephone no(s).**
Seth Miller
3821 Vail Ave N.W.
Grand Rapids, MI 49544

v

**Defendant's name(s), address(es), and telephone no(s).**
Midland Credit Management
c/o J. Brandon Black
8875 Aero Drive #200
San Diego, CA 92123

RECEIVED FEB 20 2015 BY:

REC'D & FILED FEB 13 2015 63RD DISTRICT COURT

**Plaintiff's attorney, bar no., address, and telephone no.**

---

**SUMMONS** | NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111(C))
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued: 2-13-15 | This summons expires: 5-15-15 | Court clerk: BAS |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** | Instruction: *The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☑ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) Grand Rapids, MI | Defendant(s) residence (include city, township, or village) San Diego, CA |
|---|---|

Place where action arose or business conducted
Grand Rapids, MI

| Date: 2/13/2015 | Signature of attorney/plaintiff |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

63RD DISTRICT COURT IN AND FOR

KENT COUNTY, MICHIGAN

Seth Miller

   *Plaintiff*

-v-

Midland Credit Management, Inc

   *Defendant*

CASE#

REC'D & FILED

FEB 1 3 2015

63RD DISTRICT COURT

## COMPLAINT

Plaintiff, Seth Miller, hereby sues Defendant, Midland Credit Management, Inc (MCM, Inc) for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii). Fair Debt Collection Practices act (FDCPA) 15 USC §1692e. Michigan Occupational Code 339.915(e).

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii). Fair Debt Collection Practices act (FDCPA) 15 USC §1692e, Michigan Occupational Code 339.915(e).

2. Plaintiff contends that the Defendant, Midland Credit Management, Inc have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but nonexistent debt.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. *§1367*.

4. Venue is proper pursuant to 28 U.S.C. *§1391b*. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

5. Plaintiff, Seth Miller, is a natural person and is a resident of the State of Michigan.

6. Upon information and belief Defendant, Midland Credit Management, Inc is a Foreign Corporation, authorized to do business in Michigan.

## *GENERAL ALLEGATIONS*

7. Defendant placed constant and continuous calls to Plaintiff of an alleged debt.

8. Defendant placed collection calls to Plaintiff's cell phone number 616-773-8830 from telephone number 877-822-9054.

9. From January 12th 2015 thru January 25th 2015, Midland Credit Management, Inc called Plaintiff's wireless phone using ATDS capable equipment without consent, express or otherwise, from the Plaintiff to do so.

10. The calls made by Midland were made with an automatic dialing system (ATDS) to Plaintiff's wireless phone.

11. Midland made the calls to Plaintiff's wireless phone using ATDS capable equipment without consent, express or otherwise, from the Plaintiff to do so.

12. The calls made to Plaintiff's wireless phone was not for an emergency purpose and was made without the express consent of the Plaintiff having given at any time.

13. The Plaintiff has never had any business with Midland at any time.

14. The Plaintiff attempted to mitigate damages in this matter by sending a notice of intend to litigate to the Defendant before commencing legal action and Defendant failed to respond.

## COUNT I
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227 BY DEFENDANT MIDLAND CREDIT MANAGEMENT,INC

10. Plaintiff alleges and incorporates the information in paragraphs 1 through 9.

11. Defendant Midland Credit Management, Inc has committed 6 separate violations of 47 U.S.C. §227(b) (1) (A) and Plaintiff is entitled to damages of $500 for the first call and $1500 for each additional call pursuant to 47 U.S.C. §227(b) (3) (B).

12. Plaintiff and Midland Credit Management, Inc do not have an established business relationship within the meaning of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff demands judgment in the amount of $8,000 against Midland Credit Management, Inc for actual or statutory damages.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT
## COLLECTION PRACTICES ACT 15 U.S.C. §1692(e)

13. Plaintiff alleges and incorporates the information in paragraphs 1 through 12.

14. Plaintiff is a consumer within the meaning of FDCPA 15 U.S.C §1692a (3).

15. Defendant Midland Credit Management, Inc is a Debt Collector within the meaning of the FDCPA 15 U.S.C. §1692a (6).

16. Midland Credit Management, Inc violated 15 U.S.C. §1692(e) Any other false, deceptive, or misleading representation or means in connection with the debt collection.

**WHEREFORE,** Plaintiff demands judgment against Midland Credit Management, Inc in the amount of $1000 for actual or statutory damages pursuant to 15 U.S.C §1692k.

## COUNT III
## VOILATIONS OF THE MICHIGAN OCCUPATIONAL CODE
## 339.901 et seq.
## BY DEFENDANT MIDLAND CREDIT MANAGEMENT,INC

17 Plaintiff alleges and incorporates the information in paragraphs 1 through 16.

18. Plaintiff is a consumer within the meaning of 339.901(f).

19. Defendant Midland Credit Management, Inc is a Collection agency within the meaning of 339.901(b).

20. Midland Credit Management, Inc violated 339.915(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

**WHEREFORE**, Plaintiff demands judgment against Midland Credit Management, Inc for actual or statutory damages pursuant to 339.916(2).

Respectfully submitted, this day _13_ of _February_, 2015

*Seth Miller*

Seth Miller
3821 Vail Ave. N.W.
Grand Rapids, MI 49544
616-773-8830
Millersg@outlook.com

FROM:
Seth Miller
3821 Vail Ave N.W.
Grand Rapids, MI 49544

7014 2870 0002 2051 9747

U.S. POSTAGE PAID
GRAND RAPIDS, MI
49505
FEB 13, 15
AMOUNT
$7.12
1000  92123  00105868-11

RETURN RECEIPT REQUESTED

TO:
Midland Credit Management, Inc.
c/o J Brandon Black
8875 Aero Drive #200
San Diego, CA 92123

Anabel Leey

Photo Document Mailer
6" x 10"

ReadyPost